Argued March 30, affirmed April 21, petition for rehearing denied May 16, petition for review denied July 11, 1972

COMBATLEY, *Appellant, v.* COMBATLEY, *Respondent.*

496 P2d 60

*Norman K. Winslow,* Salem, argued the cause and filed the brief for appellant.

*Robert J. Thorbeck,* Salem, argued the cause for respondent. On the brief was Elton T. Lafky, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

The parties were divorced in 1963. A comprehensive property settlement and support agreement was entered into between them and approved by the court. This is a proceeding to modify that agreement. In effect it simply requires a construction of it.

The general rule governing the construction of a property settlement agreement is well settled in this state. In *Brown, Adm'r v. Miles,* 193 Or 466, 480, 238 P2d 761 (1951), the court said:

> "The rules applicable to the construction of written contracts in general are to be applied in construing a postnuptial agreement. Such a contract must be considered as a whole, and from such examination the intent of the parties must be gathered. Such construction should be given the agreement, if possible, as will render all its clauses harmonious, so as to carry into effect the actual purpose and intent of the parties as derived therefrom."

The plaintiff here bases her appeal upon a single clause in one paragraph of the lengthy agreement. This the trial court correctly refused to do. Instead, it considered the agreement as a whole, and, in our opinion, gave it a construction which reasonably rendered "all its clauses harmonious." The plaintiff does not contest the modification awarded to her, but contends only that it should have been more favorable than it was. There is no cross-appeal.

No useful purpose would be served by discussing in detail the several provisions. The trial court gave the agreement careful consideration. We agree that its conclusion was a reasonable one and was consistent with the intention of the parties.

Affirmed.